# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BRAD TERRENCE JORDAN, | § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION H-17-2685 |
| TEXAS OFFICE OF THE ATTORNEY GENERAL, | § | |
| *Defendant*. | § | |

## ORDER OF DISMISSAL

On September 6, 2017 plaintiff Brad Terrence Jordan filed this civil action, denominated as a "Notice Demand to Vacate Support Order Federal Rule 60(B)(4) Demand Judicial Review." Dkt. 1. In the document, Jordan complains that a state court entered a child support order against him without due process of law and the state court judge had a pecuniary interest in the outcome of his case because the State of Texas received federal funds for the establishment of child support enforcement. *Id.* Jordan seeks redress under Federal Rule of Civil Procedure 60(b) to vacate the child support order. *Id.*

At any point in the case when the court recognizes, on its own or on motion of a party, that it does not have subject matter jurisdiction over a plaintiff's claims, the action must be dismissed. Fed. R. Civ. P. 12(h)(3). The burden of establishing subject matter jurisdiction rests with the one asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). A decision regarding subject matter jurisdiction may be based on the complaint, undisputed facts, and/or disputed facts resolved by the court, as long as the jurisdictional issue is not dependent on the resolution of disputed facts that go to the merits of the plaintiff's claims. *Barrera-*

*Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 741–42 (5th Cir. 1986).

A federal district court does not have jurisdiction to entertain collateral attacks on final judgments of a state court. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415, 44 S. Ct. 149 (1923); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). State courts provide the forum for challenging the correctness of the judgment or the constitutionality of the proceedings. *Liedtke*, 18 F.3d at 317. Recourse at the federal level is limited to an application for a writ of certiorari to the United States Supreme Court following exhaustion of the state court system of review. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

Even constitutional claims, if they are "inextricably intertwined" with the state court's decision, fall outside the federal district court's jurisdiction. *Feldman*, 460 U.S. at 482 n.16; *Musselwhite v. State Bar of Tex.*, 32 F.3d 942, 946 (5th Cir. 1994); *Reed v. Terrell*, 759 F.2d 472, 473–74 (5th Cir. 1985). A litigant may not obtain review of a state court action by filing a complaint in a federal court cast in the form of a civil rights action. *Hale*, 786 F.2d at 690–91.

A review of Jordan's "Notice Demand" and his request for relief reveal that the suit is "inextricably intertwined" with the state court's unfavorable child support order, as he seeks to vacate that order. *See* Dkt. 1. Jordan asks the court to decide whether the state court's order is void. *See id.* Merely framing the complaint in terms of a civil rights violation does not vest this court with the jurisdictional authority to entertain the action. *See Hale*, 786 F.2d at 690–91.

This action is therefore **DISMISSED** for want of subject matter jurisdiction.


Signed at Houston, Texas on September 8, 2017.

_____
Gray H. Miller
United States District Judge